## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CAROL R. STINCHCOMB,<br>　　　　　Appellant, | DOCKET NUMBER<br>DA-0714-21-0067-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE: April 16, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Carol R. Stinchcomb, Oklahoma City, Oklahoma, pro se.

Patrick A. Keen, Esquire, Shreveport, Louisiana, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as barred by the doctrine of collateral estoppel. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

On August 5, 2020, the agency removed the appellant from her position as a Supervisory Medical Support Assistant, pursuant to 38 U.S.C. § 714. Initial Appeal File (IAF), Tab 1 at 2, Tab 6 at 11-12. As set forth in the decision notice, an appeal of such an action is generally required to be filed within 10 business days of the effective date of the action. 38 U.S.C. § 714(c)(4)(B); IAF, Tab 6 at 13. The appellant appealed her removal on August 20, 2020, and the administrative judge issued an initial decision on October 2, 2020, dismissing the appeal as untimely filed under 38 U.S.C. § 714(c)(4)(B). *Stinchcomb v. Department of Veterans Affairs*, MSPB Docket No. DA-0714-20-0501-I-1, Initial Decision (Oct. 2, 2020). That decision became final on November 6, 2020, when neither party filed a petition for review. *Id.* at 4.

On November 13, 2020, the appellant filed the instant appeal, again challenging her removal. IAF, Tab 1. The administrative judge issued an order on timeliness, instructing the appellant to file evidence and argument showing that good cause existed for the filing delay, and an order on the Board's preclusion doctrines, ordering her to file evidence and argument to show good cause why her appeal should not be dismissed on either collateral estoppel or res judicata grounds. IAF, Tabs 3, 8. The appellant did not respond to either order.

Without holding the appellant's requested hearing, IAF, Tab 1 at 2, on January 4, 2021, the administrative judge issued an initial decision dismissing the appellant's appeal as barred by the doctrine of collateral estoppel, IAF, Tab 9, Initial Decision (ID). She also noted that, even if the appellant was not collaterally estopped from relitigating her claim, her appeal was otherwise untimely filed under 38 U.S.C. § 714, and she has not shown that the doctrine of equitable tolling should apply to excuse the delay. ID at 3 n.*. The administrative judge informed the appellant that any petition for review of the initial decision must be filed no later than February 8, 2021, and included instructions on how to do so. ID at 4-6.

On February 13, 2021, the appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1 at 4. Therein, she again challenged her removal and argued that it was taken in reprisal for filing a whistleblower complaint and that it was based on systemic racism. *Id*. at 1. In a letter acknowledging the appellant's submission, the Acting Clerk of the Board notified the appellant that her petition for review was untimely filed. PFR File, Tab 2 at 2. The letter explained to the appellant that the Board's regulations require a petition for review that appears untimely to be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause, and set a deadline for the appellant to file such a motion. *Id*. It also informed the appellant of what she must show in order to establish that her delay in filing was the result of illness. *Id*. at 7 n.1.

The appellant subsequently filed a motion, explaining that she "was so devastated and confused" over her removal and that the initial administrative judge told her that she "wouldn't win" her appeal. PFR File, Tab 3 at 1. She also asserts that she went into "a deep depression," and was "about to become homeless." *Id*. The agency has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's petition for review is untimely filed without good cause shown.</u>

The Board's regulations provide that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *See* 5 C.F.R. § 1201.114(e); *see also Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014). Here, the initial decision was issued on January 4, 2021. ID at 1. Thus, as the administrative judge correctly informed the appellant, she was required to file any petition for review no later than February 8, 2021. ID at 4. The appellant's petition for review of the initial

decision was filed on February 13, 2021. PFR File, Tab 1 at 4, Tab 2 at 1. As such, we find that the petition for review is untimely filed by 5 days.

The Board may waive its timeliness regulations only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.12, 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). The Board may decline to excuse a pro se appellant's minimal delay when she fails to establish that she acted with due diligence. *See, e.g., Lockhart v. Office of Personnel Management*, 94 M.S.P.R. 396, ¶¶ 7-8 (2002).

Additionally, as explained above, the appellant asserts on review that her mental health was affected by the removal action and that she suffers from depression. PFR File, Tab 3 at 1. We construe this as a claim that a mental illness affected her ability to timely file her petition for review. *See, e.g., Tacujan v. U.S. Postal Service*, 109 M.S.P.R. 553, ¶ 7 (2008); *Hawkins v. Department of the Navy*, 67 M.S.P.R. 559, 561-62 (1995). To establish good cause for an untimely petition for review based on mental illness, an appellant must (1) identify the time period during which she suffered from the illness; (2) submit corroborating evidence showing that she suffered from the alleged

illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or request for an extension of time. *Nesby v. Office of Personnel Management*, 81 M.S.P.R. 118, ¶ 7 (1999); *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

Although the appellant is proceeding pro se, and her 5-day delay can generally be regarded as "relatively de minimis," *see Brown v. Office of Personnel Management*, 86 M.S.P.R. 417, ¶ 8 (2000), we nonetheless find that she has not established good cause to waive the filing deadline. As noted above, in the Clerk of the Board's acknowledgement order informing the appellant that her petition for review was untimely filed, it provided her with what she must show in order to establish good cause for an untimely petition for review if she alleges that her health affected her ability to meet the filing deadline, consistent with Board precedent in *Lacy*. PFR File, Tab 2 at 7 n.1. The appellant's motion to waive or set aside the time limit did not provide any of that information. PFR File, Tab 3. To wit, she has not identified the time period during which she was mentally incapacitated, nor has she submitted any documentary evidence demonstrating that she suffers from mental illness or explained how her mental illness prevented her from timely filing her petition for review. Rather, she simply asserts, without any supporting evidence or explanation of how it affected the untimely filing, that she suffers from depression.

When, as here, an appellant fails to provide any of the information called for in *Lacy*, particularly an explanation of how the mental illness caused the delay in filing, the Board has consistently declined to find good cause for an untimely filing. *See Cameron v. Department of the Navy*, 112 M.S.P.R. 350, ¶ 13 (2009) (finding no good cause shown when a petition for review does not offer any evidence or explanation as to why an appellant's mental health issues resulted in delay in filing); *Davis v. U.S. Postal Service*, 101 M.S.P.R. 107, ¶ 6 (2006) (finding that an appellant failed to establish good cause for an untimely petition for review when he failed to explain how his depression caused his delay in filing

or to submit any documentation in support of his claim), *aff'd*, 192 Fed. App'x 966 (Fed. Cir. 2006). Thus, although we are sympathetic to the appellant's medical condition, we find that she has failed to establish good cause based on mental illness.

As noted above, the appellant also asserts in her motion that she "was about to become homeless." PFR File, Tab 3 at 1. However, she has not explained how that situation prevented her from filing a timely petition for review. For instance, she has not alleged that she was unaware of the filing deadline or that she was unable to access a computer or facsimile machine, nor has she alleged that she was unable to travel to a U.S. Postal Service location or any commercial delivery service to submit a petition for review. As such, we find that the appellant failed to establish that she experienced circumstances beyond her control that affected her ability to comply with the time limits. *See Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman*, 68 M.S.P.R. at 62-63.

In sum, although the appellant is acting pro se and her delay in filing her petition for review was relatively minimal, we find that she failed to establish that she exercised due diligence or ordinary prudence under the circumstances of her case.[2] *See Lockhart*, 94 M.S.P.R. 396, ¶¶ 7-8. Accordingly, we dismiss the appellant's petition for review as untimely filed without good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

---

[2] The appellant submitted with her motion to accept the filing as timely and/or to waive the time limit for good cause an e-mail that appears to include her response to the proposed removal action. PFR File, Tab 3 at 5-6. This document does not address the issue of timeliness of the appellant's petition for review, and is, therefore, not relevant to our inquiry here.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:     _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.